IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BERNARD PITTS, | ) | CASE NO. 3:08CV0497 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE OLIVER |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| WARDEN, ALLEN CORRECTIONAL INSTITUTION, | ) ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Bernard Pitts ("Pitts") petitions this court for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on February 22, 2008. Pitts is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to a journal entry of sentence in the case of *State of Ohio v. Pitts*, Case No. CR2004 0503 (Allen County 2005). For the reasons given below the magistrate judge recommends that the petition be denied.

I

On November 12, 2004 the November term of the Allen County grand jury indicted Pitts on four counts of drug trafficking and one count of possession of drugs. The state appellate court reviewing Pitts' third appeal found the following facts to be relevant to Pitts' case:

{¶ 2} On November 12, 2004, the Allen County Grand Jury indicted Pitts for four counts of trafficking in cocaine, violations of R.C. 2925.03(A) & (C)(4)(d) and third

degree felonies, and possession of cocaine, in violation of R.C. 2925.11(A) & (C)(4)(b), and a fourth degree felony. The trial court held a change of plea hearing on February 28, 2005. Pitts pled guilty to count one of trafficking in cocaine, count two of trafficking in cocaine, and count five of possession of cocaine. The prosecution dismissed the remaining counts.

{¶ 3} On April 11, 2005, the trial court held a sentencing hearing. The trial court sentenced Pitts to a two year prison term on count one, a two year prison term on count two, and a twelve month prison term on count five. The trial court further ordered the sentences to be served consecutively, for a total term of five years imprisonment.

{¶ 4} Pitts appealed his sentence to this court. On November 7, 2005, this court affirmed the trial court's judgment in part and reversed in part and the cause was remanded to the trial court. *State v. Pitts,* 3d. Dist. No. 1-05-33, 2005-Ohio-5896.

{¶ 5} On December 15, 2005, the trial court conducted a resentencing hearing. The trial court sentenced Pitts to a two year prison term on count one, a two year prison term on count two, and a twelve month prison term on count five. The trial court ordered the sentences to be served consecutively, for a total term of five years imprisonment. Pitts again appealed the trial court's sentence to this court. *State v. Pitts,* 3d Dist. No. 1-06-02, 2006-Ohio-2796.

{¶ 6} While Pitts's case was pending on direct appeal, the Ohio Supreme Court released *State v. Foster,* which held R.C. 2929.14(B) and R.C. 2929.14(E)(4) unconstitutional. *Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraphs one and three of the syllabus, citations omitted. Since Pitts's case was pending on direct appeal when *Foster* was released, this court vacated Pitts sentence and remanded to the trial court for resentencing. Pitts, 2006-Ohio-2796 at ¶ 6, citing *Foster,* 2006-Ohio-856 at ¶¶ 103-104. Pitts also argued, in that case, that remanding to the trial court would create an ex post facto law; however, we declined to address the issue as Pitts had yet to be resentenced. Id at ¶ 7.

{¶ 7} On July 10, 2006, the trial court again resentenced Pitts. The trial court sentenced Pitts to a two year prison term on count one, a two year prison term on count two, and a twelve month prison term on count five. The trial court further ordered the sentences be served consecutively, for a total term of five years imprisonment.

*State v. Pitts*, 2007 WL 638824 (Ohio App. March 5, 2007).

Pitts timely appealed his third sentencing. In his brief in support of his appeal, Pitts asserted one assignment of error:

> Trial copurt imposed non-minimum, consecutive sentences on remand pursuant to an *ex post facto* judicially-created sentencing law, in violation of his right to freedom from such enactments and in violation of due process.

On March 5, 2007, the state appellate court affirmed the judgment of the trial court.

Pitts timely filed a notice of appeal of that decision to the Ohio Supreme Court. In his memorandum in support of jurisdiction, Pitts asserted the following proposition of law: "Ohio Sentencing Law is Unconstitutional for Violation of the Right to Due Process." On July 25, 2007, the Ohio Supreme Court dismissed Pitts' appeal as not involving any substantial constitutional question.

Pitts filed in this court a petition fora writ of habeas corpus on February 27, 2008. Pitts' petition asserts three grounds for relief:

> A. Ground one: Retroactive application of a judicially created sentencing law violated the . . . principles of Ex Post Facto and Due Process.
>
> B. Ground two: Retroactive application of the "severance remedy" is precluded by Due Process.
>
> C. Ground three: Upon remand any re-sentence imposed under the Ohio Supreme Court decision of Foster, other than the minimum (statutory minimum) concurrent terms . . . would be objectively contrary to and an unreasonable application of Federal law.

Respondent filed an Answer/Return of Writ on July 3, 2008. Doc. No. 6. Pitts has not filed a Traverse. The petition is ready for decision.

II

*A. Jurisdiction*

Writs of habeas corpus may be granted by a district court within its respective jurisdiction:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or

3

> more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) and (d).

Pitts was convicted in the court of common pleas in Allen County and is prison in Lima, Ohio pursuant to that conviction. This court has jurisdiction over Pitts's petition.

*B.     Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings. 28 U.S.C. § 2254(e)(2). There is no need for an evidentiary hearing in the instant case. All of Pitts's claims involve legal issues which can be independently resolved without additional factual inquiry.

*C.     Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991). If any state procedures for relief remain available, the petitioner has not exhausted state remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989). "[O]nce the federal claim has been fairly presented to the state courts, the

4

exhaustion requirement is satisfied." *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168. 1174 (6th Cir. 1986). The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

Pitts has no remaining state remedies for his claims. As Pitts has no remaining state remedies for his claims, his claims have been exhausted.

*D.     Procedural default*

Procedural default occurs when a petitioner fails to present fairly his constitutional claims to the highest state court in a federal constitutional context. *Anderson*, 489 U.S. 4; *Picard*, 404 U.S. 270. Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Respondent does not argue that Pitts has procedurally defaulted any of his grounds for relief.

III

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus. As amended, 28 U.S.C. § 2254(d) provides:

5

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the current deferential standard of review, a writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. *Carey v. Musladin*, 549 U.S. 70 (2006); *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000). Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction. *Carey*, 127 S. Ct., at 653.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams*, 529 U.S. at 404-05 (emphasis added by the quoting court). A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result. *Id.* at 405-06. "A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing

law set forth in our cases." *Id.* at 405. A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand. *Doan v. Brigano*, 237 F.3d 722, 729-31 (6th Cir. 2001). If a court fails to identify the correct legal principal at issue, the "unreasonable application of" clause does not apply. *Id.* at 730.

"[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner, however, may rebut "the presumption of correctness by clear and convincing evidence." *Id.* The magistrate judge will consider Pitts' grounds for relief under the deferential standard of review accorded the state court's determination of a prisoner's constitutional claims.

*A.      Ground one: Whether the state courts' sentencing of Pitts pursuant to the holding in Foster violated the Ex Post Facto Clause and due process.*

Pitts contends that sentencing him pursuant to the holding in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006), which eliminated a presumption of minimum sentences absent judicial findings of fact justifying greater sentences, violated the constitutional prohibition on *ex post facto* laws and Pitts' right to due process. Respondent denies that Pitts' sentence violated either the *Ex Post Facto* Clause or due process.

When Pitts committed his crimes, Ohio Rev. Code § 2929.14 ("§ 2929.14") governed sentencing in Ohio. Section 2929.14(B) provided as follows:

> (B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), or (G)[1] of this section, in section 2907.02 of the Revised Code, or in Chapter 2925 of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this

---

[1] Sections 2929.14(C), (D), & (G) were not applicable to Pitts's offenses.

7

> section, unless one or more of the following applies:
>
> (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
>
> (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

Section 2929.14(A)(3) provided that for a felony of the third degree, "the prison term shall be one, two, three, four, or five years." Section 2929.14(A)(4) provided that for a felony of the fourth degree, "the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." To sentence a defendant who was not serving a prison sentence or had not previously served a prison sentence to more than a minimum sentence in these three ranges or to sentence a defendant to consecutive rather than concurrent sentences, the court was required to make findings of fact described at Ohio Rev. Code § 2929.12(B)-(E) ("§ 2929.12(B)-(E)").

On June 24, 2004, the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* held that the maximum sentence to which a court may sentence a defendant is the maximum sentence the court may impose solely on the basis of a prior conviction, facts reflected in the jury verdict, or facts admitted by the defendant. *Blakely*, 542 U.S. at 303. That is, the court may not enhance a defendant's sentence on the basis of judicial findings of fact other than notice of a prior conviction.

Most of the findings of fact mandated by §§ 2929.14(B) & (C) and 2929.12(B)-(E) were the sort barred by *Blakely*. On February 27, 2006, in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006), the Ohio Supreme Court overturned § 2929.14(B) & (C) as unconstitutional in light of *Blakely*. *Foster* severed these unconstitutional portions of Ohio's

8

sentencing statutes and preserved most of the remainder of those statutes. The resulting statutes eliminated the presumptions in favor of minimum and concurrent sentences and allowed a court to sentence a defendant to any term within a crime's sentencing range or to consecutive sentences without making findings of fact.

In the instant case, Pitts was sentenced to two years' imprisonment for the first count of drug trafficking, a felony of the third degree; two years' imprisonment for the second count of drug trafficking, a felony of the third degree; and twelve months' imprisonment for drug possession, a felony of the fourth degree. Each of these sentences was greater than the minimum sentence within its respective range, and the sentences were to be served consecutively.

Pitts argues that the imposition of consecutive sentences of more than one year for each of the counts of drug trafficking and six months for drug possession under the Ohio sentencing statute re-fashioned by *Foster* violates the *Ex Post Facto* Clause of the United States Constitution.[2] Article I, § 10 of the United States Constitution provides that no state shall pass *ex post facto* laws. U.S. Const, Art. I, § 10. The Constitution's bar against *ex post facto* laws, however, does not apply to courts:

> The *Ex Post Facto* Clause, by its own terms, does not apply to courts. Extending the Clause to courts through the rubric of due process . . . would circumvent the clear constitutional text. It also would evince too little regard for the important institutional and contextual differences between legislating, on the one hand, and common law decisionmaking, on the other.

*Rogers v. Tennessee,* 532 U.S. 451, 460 (2001).

Although the *Ex Post Facto* Clause does not apply to courts, "limitations on *ex post*

---

[2] Pitts does not argue that Ohio misapplied federal law. Thus, there is no occasion to consider whether the Ohio courts unreasonably applied federal law in sentencing Pitts.

9

*facto* judicial decisionmaking are inherent in the notion of due process." *Id.* at 456. In particular, the Supreme Court has found that courts may not unexpectedly and indefensibly construe a criminal statute so as to criminalize conduct which had not been criminal prior to the court's new construction. *See Bouie v. City of Columbia*, 378 U.S. 347 (1964). The Supreme Court has explicitly declined to apply all the protections of the *Ex Post Facto* Clause to courts by way of the due process clause:

> To the extent petitioner argues that the Due Process Clause incorporates the specific prohibitions of the *Ex Post Facto* Clause . . . petitioner misreads *Bouie.* [N]owhere in the opinion did we go so far as to incorporate jot-for-jot the specific categories of [protection in the *Ex Post* Facto Clause] into due process limitations on the retroactive application of judicial decisions.
>
> Nor have any of our subsequent decisions addressing *Bouie*-type claims interpreted *Bouie* as extending so far. Those decisions instead have uniformly viewed *Bouie* as restricted to its traditional due process roots. In doing so, they have applied *Bouie*'s check on retroactive judicial decisionmaking not by reference to the *ex post facto* categories [of protection], but, rather, in accordance with the more basic and general principle of fair warning that *Bouie* so clearly articulated.
>
> Petitioner observes that the Due Process and *Ex Post Facto* Clauses safeguard common interests-in particular, the interests in fundamental fairness (through notice and fair warning) and the prevention of the arbitrary and vindictive use of the laws. While this is undoubtedly correct, petitioner is mistaken to suggest that these considerations compel extending the strictures of the *Ex Post Facto* Clause to the context of common law judging. . . . Moreover, "[g]iven the divergent pulls of flexibility and precedent in our case law system," incorporation of the [categories of protection in the *Ex Post* Facto Clause] into due process limitations on judicial decisionmaking would place an unworkable and unacceptable restraint on normal judicial processes and would be incompatible with the resolution of uncertainty that marks any evolving legal system.

*Id.* at 458-461 (citations omitted).

The Supreme Court has never held that the retroactive application of a judicial reconstruction of a statute that results in the loss of a presumption of a minimum sentence within a sentencing range violates the *Ex Post Facto* Clause or the due process clause of

10

the United States Constitution. As Pitts's sentence was not contrary to a holding of the Supreme Court, it was not contrary to clearly established federal law.

Pitts cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Mullaney v. Wilbur,* 421 U.S. 684 (1975), for the proposition that the judiciary may not circumvent limits which the legislature has placed on the availability of criminal punishments. Those cases do not stand for that proposition. Pitts also argues that *Blakely*; *Apprendi*; *United States v. Booker*, 543 U.S. 220 (2005); *Fiore v. White*, 531 U.S. 225 (2001); and *Jones v. United States,* 526 U.S. 227, 244-248 (1999), hold that a court "cannot retroactively eliminate the statutory directives limiting the maximum for a criminal sentence any more than it can retroactively eliminate an element of the offence of conviction." Petition at 5. Again, those cases do not contain such a holding.[3] Moreover, even if those cases did contain such a holding, they would not be applicable in the instant case. *Foster* did not eliminate a maximum sentence. Rather, it struck down the presumption of a statutory minimum, which is not the same thing.

Because Pitts's sentence was not contrary to clearly established federal law, Pitts cannot obtain habeas relief based a claim that his sentence violated the *Ex Post Facto* Clause or due process. For this reason, the court should overrule Pitts's first ground for relief.

---

[3] Pitts also cites *Long v. State*, 931 S.W.2d 285, 295 (Tex. Crim. App. 1996), for the latter proposition. The holding of a Texas state court on a matter of constitutional law has no relevance to the adjudication of a habeas petition in a federal court in the Sixth Circuit.

11

*B. Ground two: Retroactive application of the law fashioned by judicial severance in Foster violates due process*

Pitts second ground for relief repeats the same assertions regarding alleged violations of the *Ex Post Facto* Clause and due process that he maintained in his first ground for relief. He primarily relies, however, on the Supreme Court's holdings in *Bouie* and *Miller v. Florida*, 482 U.S. 423 (1987), for support. As has already been discussed, *Bouie* does not support his claim that the court's sentence violated either the *Ex Post Facto* Clause or due process. *Miller* is entirely inapplicable to Pitts' argument, as the retroactive application of the sentencing law struck down by the Supreme Court in that case was passed by the legislature and not the result of judicial alterations.

Because Pitts' arguments in support of his second ground for relief are without merit, the court should overrule his second ground for relief.

*C. Ground three: For Ohio courts to impose any sentence other than a minimum sentence upon remand would be an unreasonable application of Federal law*

Pitts' third ground for relief is not entirely clear. He apparently asks this court to declare pursuant to its habeas authority to order Ohio's courts to resentence Pitts to the minimum sentence in each sentencing range for his three offenses and to order them to sentence him to concurrent sentences.

Pitts' third ground for relief does not state a claim cognizable in federal habeas corpus. Title 28 U.S.C. § 2241(c)(3) grants federal courts the power to grant an application for a writ of habeas corpus only if a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States . . . ." Pitts' third ground for releif does not describe a constitutional violation resulting in his state custody. Rather, it is a request for a particular kind of relief predicated on the assumption that habeas relief is warranted.

As Pitts' first and second grounds for relief do *not* state meritorious claims, Pitts is not entitled to any habeas relief. For these reasons, Pitts' third ground for relief should be dismissed.

IV

For the reasons given above the magistrate judge recommends that the court deny Pitts's petition for a writ of habeas corpus.

Dated: September 11, 2008      s\ Nancy A. Vecchiarelli
                                Nancy A. Vecchiarelli
                                United States Magistrate Judge

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v.Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**