UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BERNARD PITTS, | ) | Case No.: 3:08 CV 497 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN, ALLEN CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

## I. BACKGROUND

Petitioner Bernard Pitts ("Petitioner" or "Pitts") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, wherein he challenges the constitutionality of his five-year consecutive prison sentence on two counts of cocaine trafficking and one count of possession of cocaine. Petitioner asserts three grounds for relief: (1) the imposition of consecutive sentences of more than one year for each of the counts of drug trafficking and six months for drug possession under the Ohio sentencing statute re-fashioned by *State v. Foster,* 109 Ohio St. 3d 1 (Ohio 2007), violates the *Ex Post Facto* Clause and due process clause of the United States Constitution; (2) retroactive application of the sentencing law fashioned by judicial severance in *Foster* violates due process; and (3) upon remand, any sentence imposed under *Foster,* other than the minimum concurrent terms, is objectively contrary to and an unreasonable application of federal law. (Pet. at 5-6). Respondent filed an Answer/Return of Writ on July 3, 2008. (ECF No. 6.) Petitioner did not file a Traverse.

## II. REPORT AND RECOMMENDATION

The case was referred to Magistrate Judge Nancy A. Vecchiarelli ("Magistrate Judge") for preparation of a Report and Recommendation ("R&R"). The Magistrate Judge issued her R&R (ECF No. 7) on September 15, 2008, recommending that the Petition be denied. The Magistrate Judge concluded that Petitioner's first claim was not contrary to clearly-established federal law because "the Supreme Court has never held that the retroactive application of a statute that results in the loss of a presumption of a minimum sentence within a sentencing range violates the *Ex Post Facto* Clause or the due process clause of the United States Constitution." (R&R at 10-11.) The Magistrate Judge concluded that Petitioner's second ground for relief, which merely repeats the same assertions made in his first ground for relief, is likewise not contrary to clearly-established law. (*Id.* at 12.) Finally, the Magistrate Judge construed Petitioner's third ground for relief as asking the court "to declare pursuant to its habeas authority to order Ohio's courts to re-sentence Pitts to the minimum sentence in each sentencing range for his three offenses and to order them to sentence him to concurrent sentences." (*Id.*) The Magistrate Judge concluded that the third ground for relief is not cognizable because it requests a particular kind of relief predicated on the assumption that habeas relief is warranted, rather than describing a constitutional violation resulting in his state custody. (*Id.*)

## III. THE COURT'S FINDINGS

As of the date of this Order, Petitioner has not filed objections to the R&R. By failing to do so, he has waived the right to appeal the Magistrate Judge's R&R. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). Furthermore, the court finds, after careful review of the Magistrate Judge's R&R and all other relevant documents, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts

as its own the Magistrate Judge's R&R. (ECF No. 7.) Pitts's Petition for Habeas Corpus is hereby denied. The court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

October 28, 2008